IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH WATKINS, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID LOZIER, as an individual, and | ) | |
| DWAN WALKER, as an individual, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, KENNETH WATKINS, by and through his attorneys,

LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A.

TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this

Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.     This is an action for the redress of grievances and in vindication of civil rights guaranteed

to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance

thereof, including 42 U.S.C. § 1983.

2.     This action is brought against the Defendants for violating Plaintiff's rights under the

First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3.     Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4.     Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the

Western District of Pennsylvania.

1

PARTIES

5.     Plaintiff, Kenneth Watkins, is an adult individual who resides in Beaver County, Pennsylvania.

6.     Defendant, David Lozier ("Lozier"), is a United States citizen.  Plaintiff believes, and therefore avers, that Defendant Lozier is a resident of Beaver County, Pennsylvania.  Defendant Lozier is now, and was at all times relevant to Plaintiff's claims, the duly elected District Attorney of Beaver County, with an office located at 810 Third Street, Beaver, Pennsylvania, 15009.

7.     Defendant, Dwan Walker ("Walker"), is a United States Citizen. Plaintiff believes, and therefore avers, that Defendant Walker is a resident of Beaver County, Pennsylvania. Defendant Walker is now, and was at all times relevant to Plaintiff's claims, the duly elected mayor of the City of Aliquippa, employed by the City of Aliquippa, and purporting to act within the full scope of his authority and office and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of the City of Aliquippa.

FACTUAL ALLEGATIONS

8.     Plaintiff is currently employed by the City of Aliquippa police department.  Plaintiff held the position of sergeant from on or about August 24, 2014 until on or about December 22, 2018.

9.     On or about December 4, 2018, Plaintiff was required to testify as a witness at a preliminary hearing in a criminal investigation.

10.    Plaintiff was to testify as a witness at this hearing in his capacity as a private citizen.

11.    At that time, Plaintiff exercised his constitutional rights under the Fifth Amendment of the United States Constitution and refused to testify.

12.     The following day and in direct response to Plaintiff's invocation of his constitutional rights, Defendant Lozier sent a letter to Plaintiff's supervisor, acting chief of police, Robert Sealock.  In this letter, Defendant Lozier:

      a.     claimed that by invoking his constitutional rights, the Plaintiff called into question "every criminal case" he was involved with as a law enforcement officer;

      b.     stated that the Plaintiff cannot be called to testify in a jury trial as a law enforcement officer;

      c.     alleged that Defendant Lozier could not build any case upon Plaintiff's testimony in pre-trial procedures as a law enforcement officer; and

      d.     stated that the Commonwealth of Pennsylvania would dismiss any and all active cases in which Plaintiff was the affiant.

13.     In writing and distributing this letter, as described hereinbefore above, Defendant Lozier engaged in investigatory and/or administrative conduct, separate and distinct from his prosecutorial duties.

14.     As a direct and proximate result of Defendant Lozier's letter, as more fully described hereinbefore above, active cases in which Plaintiff was the affiant were dismissed and the Plaintiff's ability to perform his duties as sergeant were directly impacted, as more fully described hereinafter below.

15.     As a direct and proximate result of Defendant Lozier's letter, Plaintiff was ordered to attend a *Laudermill* hearing on or about December 22, 2018.

16.     At that time, Defendant Walker made statements about the Plaintiff invoking his constitutional rights.

17.     At that time, Defendant Walker also demoted the Plaintiff from sergeant to patrolman.

18.     To date, Plaintiff is not permitted to provide testimony in cases as a law enforcement officer.

19.     Plaintiff believes and therefore avers, that Defendant Lozier and Defendant Walker's statements and/or actions against the Plaintiff, as more fully described hereinbefore above, have discredited and/or harmed him publicly and professionally.

20.     Plaintiff's demotion from sergeant to patrolman and his inability to provide testimony in cases as well as the dismissal of the entirety of Plaintiff's active cases by Defendant Lozier have also discredited and/or harmed the Plaintiff publicly and professionally.

21.     The acts of demoting the Plaintiff and preventing the Plaintiff from testifying as a law enforcement officer has falsely indicated to the public that the Plaintiff engaged wrongdoing and has damaged the Plaintiff's reputation.  These indications were, and are, substantially and materially false.

COUNT I

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

STIGMA PLUS

22.     Plaintiff incorporates by reference Paragraphs 1 through 21 as though fully set forth at length herein.

23.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

4

24.    As described hereinbefore above, Plaintiff was demoted from his position as sergeant on December 22, 2018.

25.    Furthermore, Defendants' statements and/or actions, as more fully described hereinbefore above, have prevented the Plaintiff from testifying as a law enforcement officer in any case.

26.    The acts of demoting the Plaintiff and preventing the Plaintiff from testifying as a law enforcement officer have falsely indicated to the public that Plaintiff engaged wrongdoing and has damaged the Plaintiff's reputation.  These indications were, and are, substantially and materially false.

27.    At all times relevant hereto, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff had a constitutionally protected liberty interest in his reputation.

28.     Plaintiff's constitutionally protected liberty interest in his reputation was violated when Defendants made statements and took actions against the Plaintiff for invoking his constitutional rights, as more fully described hereinbefore above, which have stigmatized Plaintiff's reputation.

29.    The actions of Defendants Lozier and Walker were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants to punitive damages.

30.    As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Lozier and Walker, Plaintiff suffered the following injuries and damages:

    a.    Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated;

    b.    Plaintiff suffered irreparable damage to his reputation; and

      c.      Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION

31.     Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth at length herein.

32.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

33.     As described hereinbefore above, Plaintiff exercised a constitutionally protected right under the Fifth Amendment of the Constitution.

34.     As a direct and proximate result of the Plaintiff's invocation of his constitutionally protected rights, Plaintiff has been retaliated against by Defendant Lozier and Defendant Walker. This retaliation includes, but is not limited to, Plaintiff's demotion and inability to testify as a law enforcement officer.

35.     The actions of Defendants Lozier and Walker were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants to punitive damages.

36.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants Lozier and Walker, Plaintiff suffered the following injuries and damages:

      a.     Plaintiff's right under the First Amendment to the United States Constitution to due process of the laws was violated;

      b.     Plaintiff suffered irreparable damage to his reputation; and

      c.     Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  March 19, 2020